IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Mary Nusbaum, | Case No. 3:09 CV 2229 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Apria Healthcare, Inc., et al., | |
| Defendants. | |

### INTRODUCTION

Pending before the Court are three related motions. Plaintiff has filed a Motion to Remand this case to state court (Doc. No. 9). Defendants have filed a Partial Motion to Dismiss seeking to dismiss Defendant Michael Pellek and an alleged duplicative claim against all Defendants (Doc. No. 16). Plaintiff has also filed a Motion to Stay Discovery pending the Court's decisions on these matters (Doc. No. 23). For the following reasons, the Court denies Plaintiff's Motion to Remand and grants Defendants' Partial Motion to Dismiss. The Motion to Stay is denied as moot.

**Motion to Remand**

A state court action meeting the requirements of diversity jurisdiction may not be removed to federal court where any one of the defendants is a citizen of the state where the original state court resides. 28 U.S.C. § 1441(b). However, a plaintiff may not join a party for the sole purpose of avoiding removal to federal court. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). The standard for fraudulent joinder is not an easy one to meet. The court must ask whether there is

"any reasonable basis for predicting the plaintiff could prevail" against the alleged fraudulently joined party. *Alexander v. Elec. Data Sys.Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). The burden is on the removing party to prove fraudulent joinder. *Id.* And "any disputed questions of fact and ambiguities in the controlling state law should be resolved in favor of the nonremoving party." *Id.*

This case was originally filed in Lucas County, Ohio (Doc. No. 1-1). Defendant Michael Pellek, Plaintiff's supervisor at the time of her termination, is a citizen of Ohio (Doc. No. 1-1 at ¶ 3). Defendants Apria Healthcare and Michael Pellek removed this case on the theory that Pellek was fraudulently joined to the lawsuit. If Pellek is a proper party, his Ohio citizenship prevents removal.

As discussed below, the Complaint contains no allegations against Pellek providing any factual basis for the claims brought by Plaintiff. Defendants have met their burden of proving "no reasonable basis" for which Plaintiff could recover against Pellek. Plaintiff's Motion to Remand to state court is therefore denied.

**Motion to Dismiss Defendant Pellek**

While Federal Civil Rule 8 provides for a liberal pleading standard, the Supreme Court has moved the traditional notice pleading requirement toward a more detailed factual pleading requirement. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *Twombly* held that Rule 8 requires more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* In order to survive a motion to dismiss on the pleadings, a plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level," *id.*, and to "state a claim to relief that is plausible on its face," *id*. at 570. *See also Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949-50 (2009). The Supreme Court has made it clear -- the "plausibility" standard applies to all federal actions. *Iqbal*, 129 S. Ct. at 1953. The Sixth Circuit has recognized both this

2

altered pleading landscape and its universal scope. *See Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 note 4 (6th Cir. 2009) (*Twombly* pleading standard applies to all types of cases).

The Complaint fails to state a plausible claim against Pellek. The Complaint merely identifies Pellek (Doc. No. 1-1, ¶ 3) and alleges he directed Plaintiff to place her sexual harassment allegations in writing and submit them to Human Resources (*id.* at ¶¶ 15-17), informed Plaintiff that a grievance had been filed against her (*id.* at ¶ 21), and was in the room when someone else (not named as a defendant) terminated Plaintiff (*id.*). That is it. These allegations, even if accepted as true, do not support a claim against Pelleck under Ohio Revised Code Sections 4112.02 or 4112.99.

Pellek, as Plaintiff's supervisor, may be found individually liable under Section 4112 only for his own discriminatory acts. *Genaro v. Central Transport, Inc.*, 84 Ohio St. 3d 293, 300 (1999). At most, Pellek provided direction to Plaintiff for filing a complaint and informed her that a grievance was filed against her by another employee. Pellek is not alleged to have committed any discriminatory acts or acts of harassment against Plaintiff or anyone else. No allegation supports an inference that Pellek played a role in Plaintiff's termination. Because there is no factual allegation of "discriminatory behavior" or retaliatory conduct to support a claim of personal liability, the individual claims against Pellek are dismissed.

**Motion to Dismiss Sexual Harassment Claim**

The Court agrees with Defendants' argument regarding the redundancy of Plaintiff's two sexual harassment claims.

The first claim is for "sexual harassment," and the second claim is for "hostile work environment" (Doc. No. 1-1 at ¶¶ 23-29). In Ohio, there are two types of sexual harassment, *quid pro quo* sexual harassment, and hostile work environment sexual harassment. *Hampel v. Food*

3

*Ingredients Specialties*, 89 Ohio St. 3d 169, 176 (2000). *Quid pro quo* harassment occurs when the harassment is directly linked to the grant or denial of a tangible economic benefit. *Id.* As the Complaint does not allege *quid pro quo* harassment, either in its facts or in its description of Count One, Defendant is correct in reading the first claim as a hostile work environment claim. The Complaint therefore contains two identical claims against the same set of Defendants. In order to remedy this redundancy, the First Count is dismissed.

### Motion to Stay Discovery

Plaintiff filed a Motion to Stay Discovery pending the Court's decision on the above Motions. With these rulings, there is no need to stay discovery, and the Motion to Stay is denied as moot.

### CONCLUSION

The Court retains jurisdiction of this case and a Case Management Conference is set for **Friday, January 8, 2010 at 2:30 p.m.**

IT IS SO ORDERED.

        s/ *Jack Zouhary*
        JACK ZOUHARY
        U. S. DISTRICT JUDGE

December 18, 2009